KC FILED
AUG 0 2 2007
08-2-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYONE L. TAYLOR,<br>    Plaintiffs,<br><br>v.<br><br>OFFICERS TIM O'BRIEN, STAR # 17651,<br>GENELE MICHON, STAR #13234,<br>M. ROBBINS, STAR #15038,<br>AND THE CITY OF CHICAGO,<br>    Defendants. | 07CV4362<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE NOLAN |

## COMPLAINT

## COUNT I - EXCESSIVE FORCE

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's

constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a Chicago police officer, citizen of the United States, and resident of Chicago, Illinois.

6. Defendants, O'Brien, Michon, and Robbins, were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendants O'Brien, Michon, and Robbins.

## THE FOURTH AMENDMENT VIOLATION

8. On August 7, 2005, Plaintiff was outside her residence at about 433 W. Evergreen Ave., Chicago, IL 60618.

9. The Defendants did not have a search warrant for either the Plaintiff or her vehicle.

10. The Defendants did not have an arrest warrant for the Plaintiff on August 7, 2005.

11. The Defendants did not witness the Plaintiff violate any federal, state, county, or city law/ordinance/statute.

12. The Defendants had been dispatched to the area of 400 W. Evergreen on a call unrelated to Plaintiff.

13. Plaintiff verbally identified herself as a Chicago Police Officers and told Defendants O'Brien and Michon that her I.D. was in her purse.

14. The Defendants O'Brien and Michon proceeded to verbally threaten and curse at the Plaintiff.

15. The Defendants O'Brien or Michon proceeded to physically attack the Plaintiff.

16. Plaintiff at no time relevant to this complaint hit, struck, kicked, or attempted to hit, strike, or kick Defendants O'Brien and/or Michon, or any other police officer.

17. As a direct and proximate result of the excessive force, the Plaintiff suffered actual harm.

WHEREFORE, Plaintiffs pray this Court will award her actual and punitive damages as well as costs and reasonable attorney's fees against the defendants.

## COUNT II - FALSE ARREST

1. The Defendants, O'Brien and Michon, lied to fellow officers stating that the Plaintiff battered them and resisted arrest.

2. Ultimately the charges of aggravated battery and resisting arrest resulted in a finding of not guilty (Case No. 05 CR 21040).

3. As a direct and proximate result of the unconstitutional conduct of the Defendant officers, Plaintiff suffered actual harm.

Wherefore, Plaintiffs pray this Honorable Court award her actual and punitive

damages as well as costs and reasonable attorneys fees against the defendants.

## COUNT III - STATE MALICIOUS PROSECUTION

1-3. Plaintiff re-alleges paragraphs 1-3 of Count II as paragraphs 1-3 of Count III.

4. Defendants O'Brien and Michon lied to fellow police officers regarding the arrest of plaintiff, including but not limited to stating she battered and resisted Officers O'Brien and Michon on August 7, 2005.

5. Defendants knew their false statements would be relied on by fellow officers, superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

6. Based on the defendants' false statements, plaintiff was charged under case number 05 CR 21040.

7. On May 18, 2007, in case number 05 CR 21040, the Plaintiff was found not guilty of all the false charges in case no. 05 CR 21040.

8. Plaintiff is innocent of those charges.

WHEREFORE, Plaintiff pray this Court will award her actual and punitive damages as well as costs and reasonable attorney's fees against the defendants for her false arrest.

## COUNT IV - STATUTORY INDEMNIFICATION

1-16. Plaintiff re-allege paragraphs 1-16 of Counts I, II, and III as paragraphs 1-16 of Count IV.

17. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

18. The defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award her actual damages and costs against the City of Chicago.

Respectfully Submitted,

THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022